# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION

| | |
|---|---|
| ANGEL LEWIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-cv-00164-D |
| MR. COOPER GROUP, INC., | ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, ANGEL LEWIS ("Plaintiff"), through her attorney, Hormozdi Law Firm, LLC, and for her First Amended Complaint at Law against Defendant, MR. COOPER GROUP, INC. ("Defendant"), alleged as follows:

## INTRODUCTION

1. Count I of Plaintiff's First Amended Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Count II of Plaintiff's First Amended Complaint is based on the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA").

3. Count III of Plaintiff's First Amended Complaint is based on the North Carolina Debt Collection Act, N. C. Gen. Stat. § 75-50, *et seq.* ("NCDCA").

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693(m) (EFTA).

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim alleged herein.

1

6. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1693(m), "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

8. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

9. Plaintiff is a natural person residing in Roanoke Rapids, Halifax County, North Carolina.

10. Plaintiff is a consumer as that term is defined by the NCDCA.

11. Plaintiff allegedly owes a debt as that term is defined by NCDCA.

12. Defendant is a debt collector as that term is defined by NCDCA.

13. Defendant attempted to collect a consumer debt from Plaintiff.

14. Defendant is a home mortgage company headquartered in Austin, Texas.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. Defendant attempted to collect a debt within the State of North Carolina.

17. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

18. During the course of its attempts to collect debts allegedly owed, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

20. Defendant is attempting to collect an alleged debt from Plaintiff.
21. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.
22. In or around September 2019, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone number at xxx-xxx-3736, in an attempt to collect the alleged debt.
23. Defendant calls Plaintiff from 866-316-2432, which is one of Defendant's telephone numbers.
24. On several occasions since Defendant began calling Plaintiff including, but not limited to, on or around September 26, 2019 at 11:49 p.m., Plaintiff has spoken with one of Defendant's representatives and has requested for Defendant to stop calling her.
25. Despite Plaintiff's repeated requests for Defendant to stop calling her, Defendant continued to place collection calls to Plaintiff's telephone unabated.
26. On several occasions since Defendant began calling Plaintiff, Defendant has called Plaintiff between the hours of 9:00 p.m. and 8:00 a.m. EST.
27. None of the telephone calls Defendant made to Plaintiff was for an emergency purpose.
28. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.
29. All of the calls Defendant made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

30. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

31. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

32. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live representatives for Plaintiff on Plaintiff's cellular telephone.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

36. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

37. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

38. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

39. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

40. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

41. As a result of Defendant's alleged violations of law by placing these automated calls to

Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's privacy;

   b. Electronically intruding upon Plaintiff's seclusion;

   c. Intrusion into Plaintiff's use and enjoyment of Plaintiff's cellular telephone;

   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiffs has as to complete ownership and use of Plaintiff's cellular telephone; and

   e. Causing Plaintiffs to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

42. On or around December 18, 2019, orally agreed with one of Defendant's representatives to allow payments to be drawn from Plaintiff's checking account and paid towards Plaintiff's outstanding account balance.

43. Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing the recurring or automatic payments.

44. Plaintiff did not provide Defendant either with a written or an electronic signature authorizing the automatic payment.

45. On or around December 27, 2019, Plaintiff, through her counsel, revoked consent for Defendant to draw payment from Plaintiff's personal checking account.

46. Without Plaintiff's written or oral permission, on or around January 2, 2020, Defendant drew two thousand dollars ($2,000.00) from Plaintiff's personal checking account.

47. On or around January 2, 2020, as a result of Defendant's unauthorized draw from Plaintiff's

5

Case 4:19-cv-00164-D   Document 9   Filed 01/14/20   Page 5 of 10

checking account Plaintiff incurred an overdraft fee in the amount of thirty-six dollars ($36.00).

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

48. Plaintiff repeats and re-alleges paragraphs 1-47 of Plaintiff's First Amended Complaint as the allegations in Count I of Plaintiff's First Amended Complaint.

49. Defendant violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, ANGEL LEWIS, respectfully requests judgment be entered against Defendant, MR. COOPER GROUP, INC., for the following:

50. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

51. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

52. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future; and

53. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ELECTRONIC FUND TRANSFER ACT

54. Plaintiff repeats and re-alleges paragraphs 1-47 of Plaintiff's First Amended Complaint as the allegations in Count II of Plaintiff's First Amended Complaint.

55. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

56. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

57. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

58. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

59. On at least one occasion, Defendant has debited Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of

7

Regulation E, 12 C.F.R. § 205.l0(b).

60. On at least one occasion, Defendant has debited Plaintiff's bank account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

WHEREFORE, Plaintiff, ANGEL LEWIS, respectfully requests judgment be entered against Defendant, MR. COOPER GROUP, INC., for the following:

61. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, § 916(a)(2)(A);

62. Actual damages;

63. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, § 916(a)(3); and

64. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED THE NORTH CAROLINA DEBT COLLECTION ACT

65. Plaintiff repeats and re-alleges paragraphs 1-47 of Plaintiff's First Amended Complaint as the allegations in Count III of Plaintiff's First Amended Complaint.

66. Defendant violated the North Carolina Debt Collection Act based on the following:

    a. Defendant violated § 75-52 of the of the North Carolina General Statute when it used conduct the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect the alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling her and when Defendant called Plaintiff between the hours of 9:00

8

p.m. and 8:00 a.m. EST;

b. Defendant violated § 75-52(3) of the North Carolina General Statute when it caused a telephone to ring or engaged a person in a telephone conversation with such frequency as to be unreasonable or constitute harassment to the person under the circumstances, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling her and when Defendant called Plaintiff between the hours of 9:00 p.m. and 8:00 a.m. EST; and

c. Defendant violated § 75-55 of the North Carolina General Statute by attempting to collect any debt by use of unconscionable means when Defendant engaged in the foregoing misconduct.

67. Defendant's actions constituted an unfair or deceptive acts or practices by engaging in the above-referenced misconduct in or affecting commerce because Defendant is collecting on a consumer debt and proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff, ANGEL LEWIS, respectfully requests judgment be entered against Defendant, MR. COOPER GROUP, INC., for the following:

68. Actual damages and civil penalties of not less than $500.00 nor greater than $4,000.00 per violation pursuant to North Carolina General Statute § 75-56(b);

69. Punitive damages pursuant to North Carolina General Statute § 75-56(c);

70. Costs and reasonable attorneys' fees; and

71. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

January 14, 2020               By: /s/ Shireen Hormozdi
                               Shireen Hormozdi
                               Hormozdi Law Firm, PLLC
                               North Carolina Bar No. 47432
                               1770 Indian Trail Road, Suite 175
                               Norcross, GA 30093
                               Tel:  678–395-7795
                               Cell:  678-960-9030
                               Fax: 866-929-2434
                               shireen@agrusslawfirm.com
                               shireen@norcrosslawfirm.com

10