# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION

| | |
|---|---|
| ANGEL LEWIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:19-cv-00164-D |
| | ) |
| MR. COOPER GROUP, INC., | ) |
| | ) |
|     Defendant. | ) |

## PLAINTIFF'S NOTICE AND MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

**TO ALL PARTIES AND ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Plaintiff, ANGEL LEWIS ("Plaintiff"), hereby moves this Honorable Court for leave to file her Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15. Plaintiff's Motion is based upon the attached memorandum of points and authorities pursuant to Local Rule 7.1(d).

RESPECTFULLY SUBMITTED,

By: /s/ Shireen Hormozdi              By: /s/ Taylor Kosla
    Shireen Hormozdi                   Taylor Kosla
    Hormozdi Law Firm, LLC           Agruss Law Firm, LLC
    North Carolina Bar No. 47432       Illinois Bar No. 6327180
    1770 Indian Trail Road, Suite 175   4809 N. Ravenswood Ave
    Norcross, GA 30093                Suite 419
    Tel: 678–395-7795                  Chicago, IL 60640
    Cell: 678-960-9030                Telephone: 312-224-4695
    Fax: 866-929-2434                 Fax: 312-253-4451
    shireen@norcrosslawfirm.com       taylor@agrusslawfirm.com
    LR 83.1 Plaintiff's Counsel

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   BACKGROUND**

On November 15, 2019, Plaintiff filed a two-count Complaint against Defendant, MR. COOPER GROUP, INC. ("Defendant"), based on the Telephone Consumer Protection Act, 47U.S.C. § 227, *et seq.* ("TCPA") and the North Carolina Collection Agency Act,§75-50, *et seq.* (Doc. No. 1). On December 11, 2019, Defendant filed an unopposed Motion for Extension of Time to File an Answer (Doc No. 7), which was granted by the Clerk of Court by way of text order on December 12, 2019. On January 14, 2020, Plaintiff filed her First Amended Complaint against Defendant, based on the TCPA, the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA") and the North Carolina Debt Collection Act, N. C. Gen. Stat. § 75-50, *et seq.* ("NCDCA"). Plaintiff alleges Defendant violated the TCPA, EFTA and NCDCA in connection with collecting an alleged debt owed by Plaintiff.

On January 27, 2020, Defendant filed a Motion for Extension of Time to File an Answer to Plaintiff's First Amended Complaint (Doc. No 10), which was granted by the Clerk of the Court on January 27, 2020. On January 24, 2020, counsel for Defendant informed Plaintiff that Defendant was incorrectly identified in her Complaint and that the correct defendant is Nationstar Mortgage LLC d/b/a Mr. Cooper. Nationstar Mortgage LLC d/b/a Mr. Cooper services mortgage loans on behalf of Defendant, Mr. Cooper Group, Inc. On February 3, 2020, Plaintiff moved this Court for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) to dismiss Defendant, Mr. Cooper Group, Inc., as a party defendant and to add Nationstar Mortgage LLC d/b/a Mr. Cooper as a party defendant (Doc. No. 11). Plaintiff's motion for leave to file a Second Amended Complaint was granted and a copy of said pleading was filed thereafter (Doc. No. 15). On February 11, 2020, the parties filed a Joint Motion for Protective Order and

Entry of Stipulated Confidentiality Agreement (Doc. No. 17), which was granted on March 12, 2020 (See Docket). Following entry of the protective order and stipulated confidentiality agreement, the parties engaged in an informal discovery exchange to facilitate settlement discussions. To date, no formal discovery requests have been exchanged among the parties. The parties' informal discovery exchange shed light on further violations of the North Carolina Debt Collection Act. Accordingly, Plaintiff seeks leave to file a Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) to plead additional allegations and violations of the North Carolina Debt Collection Act[1]. For the reasons illustrated below, Plaintiff's request for leave to amend should be granted.

## II. LEGAL STANDARD

The Supreme Court of the United States unequivocally finds that "Rule 15(a) declares that leave to amend shall be freely given when justice so requires; **this mandate is to be heeded**." *Foman v. Davis,* 371 U.S. 178, 182 (1962) (emphasis added) (internal quotations omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, **he ought to be afforded an opportunity to test his claim on the merits**." *Id.* (emphasis added). "Rule 15(a) embodies a policy favoring liberal amendment." *Radford v. Marshall*, No. CV 14-0527-KD-C, 2015 WL 9827735, at *2 (S.D. Ala. Dec. 10, 2015) (internal quotations and citations omitted). This mandate to freely grant Plaintiff leave to amend his Complaint can only be denied if (1) the amendment would be unduly prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile. *Foman v. Davis*, 371 U.S. at 182.

---

[1] Plaintiff's proposed Third Amended Complaint is attached hereto as Exhibit A.

## III. ARGUMENT

As discussed *infra*, none of the *Foman* factors that would preclude leave of court to amend Plaintiff's Complaint exist in this case.

### A. The Amendment is Not Unduly Prejudicial to Defendant.

There is no undue prejudice to Defendant in allowing Plaintiff to file a Third Amended Complaint. Pursuant to the federal standard of notice pleading, the underlying requirement for a complaint is that it gives fair notice of the claim being asserted and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 US 554, 555 (2007). In this matter, Defendant has fair notice of the claim being asserted and grounds upon which the additional violation rests. It is the Defendant that provided Plaintiff with documentation and information to support allegations to be alleged in Plaintiff's Third Amended Complaint.

Accordingly, allowing Plaintiff to amend her Complaint at this point does not change the nature of the lawsuit, but rather, allows Plaintiff to assert the additional violations under the NCDCA while keeping the same allegations made under the TCPA and EFTA as pled in Plaintiff's Second Amended Complaint.

### B. There was No Bad Faith or Undue Delay.

As discussed *supra*, Defendant will not be unduly prejudiced by Plaintiff filing a Third Amended Complaint. Plaintiff has not acted in bad faith. There is not an undue delay in Plaintiff requesting leave to amend her Complaint. The parties are in the early stages of discovery and neither party has propounded formal discovery requests. The basis for Plaintiff's amendment came to light only after the parties engaged in an informal discovery exchange. Therefore, Plaintiff requests this Court allow her to exercise her right to amend her Complaint.

4

### C. Amendment Would Not be Futile.

It would not be futile to allow Plaintiff to file her Third Amended Complaint. Where an amended complaint alleges a legally sufficient claim for relief, leave to amend should be granted. See *Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1307–08 (11th Cir. 1983). Plaintiff's amendment is not insufficient or frivolous. Plaintiff's Third Amended Complaint pleads several allegations establishing a legally-sufficient claim for relief against Defendant. Plaintiff is not seeking to abandon or plead a completely new claim. As discussed *supra*, Plaintiff only seeks to amend her Complaint to add allegations of violations under the NCDCA.

## IV. CONCLUSION

WHEREFORE, Plaintiff, ANGEL LEWIS, respectfully requests that this Honorable Court to enter an Order granting leave for Plaintiff to file the attached Third Amended Complaint.


RESPECTFULLY SUBMITTED,

By: /s/ Shireen Hormozdi_____      By: /s/ Taylor Kosla_____
    Shireen Hormozdi                                         Taylor Kosla
    Hormozdi Law Firm, LLC                        Agruss Law Firm, LLC
    North Carolina Bar No. 47432                IL Bar No. 6327180
    1770 Indian Trail Road, Suite 175           4809 N. Ravenswood Ave
    Norcross, GA 30093                                  Suite 419
    Tel: 678–395-7795                                   Chicago, IL 60640
    Cell: 678-960-9030                                Telephone: 312-224-4695
    Fax: 866-929-2434                                 Fax: 312-253-4451
    shireen@norcrosslawfirm.com              taylor@agrusslawfirm.com
    LR 83.1 Plaintiff's Counsel

**CERTIFICATE OF SERVICE**

On August 6, 2020, I electronically filed Plaintiff's Motion for Leave to File her Third Amended Complaint with the Clerk of the U.S. District Court, using the CM/ECF system. I e-mailed a copy of the filed Third Amended Complaint to Defendant's counsel at pthies@mcguirewoods.com.

Margaret Kane Thies
McGuireWoods LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202-2146
704-343-2228
Fax: 704-343-8828
Email: pthies@mcguirewoods.com

By: /s/ Taylor Kosla
Taylor Kosla

# **<u>EXHIBIT A</u>**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| ANGEL LEWIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-cv-00164-D |
| NATIONSTAR MORTGAGE LLC d/b/a Mr. Cooper, | ) ) ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

Plaintiff, ANGEL LEWIS ("Plaintiff"), through her attorneys, Hormozdi Law Firm, LLC, and Agruss Law Firm, LLC, and for her Third Amended Complaint at Law against Defendant, NATIONSTAR MORTGAGE LLC d/b/a Mr. Cooper ("Defendant"), alleged as follows:

### INTRODUCTION

1. Count I of Plaintiff's Third Amended Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Count II of Plaintiff's Third Amended Complaint is based on the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA").

3. Count III of Plaintiff's Third Amended Complaint is based on the North Carolina Debt Collection Act, N. C. Gen. Stat. § 75-50, *et seq.* ("NCDCA").

### JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693(m) (EFTA).

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim alleged herein.

1

6. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1693(m), "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

8. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

9. Plaintiff is a natural person residing in the City of Roanoke Rapids, Halifax County, State of North Carolina.

10. Plaintiff is a consumer as that term is defined by the NCDCA.

11. Plaintiff allegedly owes a debt as that term is defined by NCDCA.

12. Defendant is a debt collector as that term is defined by NCDCA.

13. Defendant attempted to collect a consumer debt from Plaintiff.

14. Defendant is a home mortgage company headquartered in the City of Austin, Travis County, State of Texas.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. Defendant attempted to collect a debt within the State of North Carolina.

17. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

18. During the course of its attempts to collect debts allegedly owed, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or

electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect an alleged debt from Plaintiff.
21. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.
22. Plaintiff's alleged debt originates with an account for a mortgage loan (Loan No. xxxxxx1676).
23. In or around January 2019, Plaintiff's account was placed with Defendant to service Plaintiff's loan.
24. Since Defendant began servicing Plaintiff's account, Plaintiff has timely made each monthly payment to Defendant.
25. Since Defendant began servicing Plaintiff's account, Plaintiff has made each monthly payment in full to Defendant.
26. Since January 2019, Defendant engaged in the following conduct with respect to Plaintiff's account:
    a. Wrongly applied unwarranted fees, interest and charges to the account including, but not limited to, interest, attorney's fees, legal fees, late fees, property inspections and lender paid expenses;
    b. Repeatedly failed to apply payments made by Plaintiff to the account;
    c. Unilaterally changed Plaintiff's regular monthly payment with no basis to do so;

3

d. Repeatedly failed to timely apply payments made by Plaintiff to Plaintiff's account which were timely received by Defendant;

  e. Refused to communicate with Plaintiff with respect to the account despite Plaintiff contacting Defendant's representative designated on Plaintiff's account statements;

  f. Wrongly applied a dishonored check fee to Plaintiff's account;

  g. Reported inaccurate information to the Federal Housing Administration, namely payment information; and

  h. Threatened to commence foreclosure proceedings when Defendant could not lawfully take such action.

27. In or around September 2019, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone number at xxx-xxx-3736, in an attempt to collect the alleged debt.

28. Defendant calls Plaintiff from 866-316-2432, which is one of Defendant's telephone numbers.

29. On several occasions since Defendant began calling Plaintiff including, but not limited to, on or around September 26, 2019 at 11:49 p.m., Plaintiff has spoken with one of Defendant's representatives and has requested for Defendant to stop calling her.

30. Despite Plaintiff's repeated requests for Defendant to stop calling her, Defendant continued to place collection calls to Plaintiff's telephone unabated.

31. On several occasions since Defendant began calling Plaintiff, Defendant has called Plaintiff between the hours of 9:00 p.m. and 8:00 a.m. EST.

32. None of the telephone calls Defendant made to Plaintiff was for an emergency purpose.

33. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular

telephone number.

34. All of the calls Defendant made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

35. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

36. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

37. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live representatives for Plaintiff on Plaintiff's cellular telephone.

38. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

39. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

40. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

41. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

42. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

43. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

44. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

5

Case 4:19-cv-00164-D   Document 33   Filed 08/06/20   Page 12 of 20

45. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

46. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;

    b. Electronically intruding upon Plaintiff's seclusion;

    c. Intrusion into Plaintiff's use and enjoyment of Plaintiff's cellular telephone;

    d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiffs has as to complete ownership and use of Plaintiff's cellular telephone; and

    e. Causing Plaintiffs to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

47. On or about December 18, 2019, orally agreed with one of Defendant's representatives to allow payments to be drawn from Plaintiff's checking account and paid towards Plaintiff's outstanding account balance.

48. Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing the recurring or automatic payments.

49. Plaintiff did not provide Defendant either with a written or an electronic signature authorizing the automatic payment.

50. On or about December 27, 2019, Plaintiff, through her counsel, revoked consent for Defendant to draw payment from Plaintiff's personal checking account.

51. Without Plaintiff's written or oral permission, on or around January 2, 2020, Defendant drew two thousand dollars ($2,000.00) from Plaintiff's personal checking account.

52. On or around January 2, 2020, as a result of Defendant's unauthorized draw from Plaintiff's checking account Plaintiff incurred an overdraft fee in the amount of thirty-six dollars ($36.00).

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

53. Plaintiff repeats and re-alleges paragraphs one (1) through fifty-two (52) of Plaintiff's Third Amended Complaint as the allegations in Count I of Plaintiff's Third Amended Complaint.

54. Defendant violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, ANGEL LEWIS, respectfully requests judgment be entered against Defendant, NATIONSTAR MORTGAGE LLC d/b/a Mr. Cooper, for the following:

55. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

56. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

57. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future; and

7

58. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ELECTRONIC FUND TRANSFER ACT

59. Plaintiff repeats and re-alleges paragraphs one (1) through fifty-two (52) of Plaintiff's Third Amended Complaint as the allegations in Count II of Plaintiff's Third Amended Complaint.

60. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

61. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

62. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

63. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

64. On at least one occasion, Defendant has debited Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated from

8

Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

65. On at least one occasion, Defendant has debited Plaintiff's bank account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

WHEREFORE, Plaintiff, ANGEL LEWIS, respectfully requests judgment be entered against Defendant, NATIONSTAR MORTGAGE LLC d/b/a Mr. Cooper, for the following:

66. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, § 916(a)(2)(A);

67. Actual damages;

68. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, § 916(a)(3); and

69. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED THE NORTH CAROLINA DEBT COLLECTION ACT

70. Plaintiff repeats and re-alleges paragraphs one (1) through fifty-two (52) of Plaintiff's Third Amended Complaint as the allegations in Count III of Plaintiff's Third Amended Complaint.

71. Defendant violated the North Carolina Debt Collection Act based on the following:
   a. Defendant violated § 75-51 of the of the North Carolina General Statute when it attempted to collect a debt alleged to be due and owing from a consumer by means

9

of unfair threat, coercion, or attempt to coerce, when Defendant reported inaccurate information to the Federal Housing Administration, namely payment information and when Defendant threatened to commence foreclosure proceedings against Plaintiff when Defendant could not lawfully take such action;

b. Defendant violated § 75-51(3) of the of the North Carolina General Statute when it made false accusations to another person that a person had not paid, or has willfully refused to pay a just debt, when Defendant reported inaccurate information to the Federal Housing Administration, namely payment information;

c. Defendant violated § 75-51(6) of the of the North Carolina General Statute when it represented that nonpayment of an alleged debt may result in the seizure or sale of any property unless such action is in fact contemplated by the debt collector and permitted by law, when Defendant threatened to commence foreclosure proceedings against Plaintiff when Defendant could not lawfully take such action;

d. Defendant violated § 75-51(8) of the of the North Carolina General Statute when it threatened to take any action not permitted by law, when Defendant threatened to commence foreclosure proceedings against Plaintiff when Defendant could not lawfully take such action;

e. Defendant violated § 75-52 of the of the North Carolina General Statute when it used conduct the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect the alleged debt, when Defendant's representatives refused to communicate with Plaintiff with respect to the account despite Plaintiff contacting Defendant's representative designated on Plaintiff's account statements, when Defendant continued to place collection calls to Plaintiff

after Plaintiff requested for Defendant to stop calling her and when Defendant called Plaintiff between the hours of 9:00 p.m. and 8:00 a.m. EST;

f. Defendant violated § 75-52(3) of the North Carolina General Statute when it caused a telephone to ring or engaged a person in a telephone conversation with such frequency as to be unreasonable or constitute harassment to the person under the circumstances, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling her and when Defendant called Plaintiff between the hours of 9:00 p.m. and 8:00 a.m. EST;

g. Defendant violated § 75-54 of the North Carolina General Statute when it collected or attempted to collect a debt or information concerning a consumer by any fraudulent, deceptive or misleading representation, when Defendant wrongly applied unwarranted fees, interest and charges to Plaintiff's account, when Defendant repeatedly failed to apply payments made by Plaintiff to Plaintiff's account, when Defendant unilaterally changed Plaintiff's regular monthly payment with no basis to do so, when Defendant repeatedly failed to timely apply payments made by Plaintiff to Plaintiff's account which were timely received by Defendant, and when Defendant wrongly applied a dishonored check fee to Plaintiff's account;

h. Defendant violated § 75-54(4) of the North Carolina General Statute when it falsely represented the character, extent or amount of a debt against a consumer, deceptive or misleading representation, when Defendant wrongly applied unwarranted fees, interest and charges to Plaintiff's account, when Defendant repeatedly failed to apply payments made by Plaintiff to Plaintiff's account, when Defendant unilaterally changed Plaintiff's regular monthly payment with no basis to do so,

11

when Defendant repeatedly failed to timely apply payments made by Plaintiff to Plaintiff's account which were timely received by Defendant, and when Defendant wrongly applied a dishonored check fee to Plaintiff's account;

i. Defendant violated § 75-54(6) of the North Carolina General Statute when it falsely represented that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees, or any other fees or changes, when Defendant wrongly applied unwarranted fees, interest and charges to Plaintiff's account;

j. Defendant violated § 75-55 of the North Carolina General Statute when it attempted to collect any debt by use of unconscionable means, when Defendant wrongly applied unwarranted fees, interest and charges to Plaintiff's account and when Defendant engaged in the foregoing misconduct; and

k. Defendant violated § 75-55(2) of the North Carolina General Statute when it attempted to collect from the consumer all or any part of the debt collector's fee or charge for services rendered, collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge, when Defendant wrongly applied unwarranted fees, interest and charges to Plaintiff's account.

72. Defendant's actions constituted an unfair or deceptive acts or practices by engaging in the above-referenced misconduct in or affecting commerce because Defendant is collecting on a consumer debt and proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff, ANGEL LEWIS, respectfully requests judgment be entered against Defendant, NATIONSTAR MORTGAGE LLC d/b/a Mr. Cooper, for the following:

73. Actual damages and civil penalties of not less than $500.00 nor greater than $4,000.00 per violation pursuant to North Carolina General Statute § 75-56(b);

74. Punitive damages pursuant to North Carolina General Statute § 75-56(c);

75. Costs and reasonable attorneys' fees; and

76. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _/s/ Shireen Hormozdi_____
    Shireen Hormozdi
    Hormozdi Law Firm, LLC
    North Carolina Bar No. 47432
    1770 Indian Trail Road, Suite 175
    Norcross, GA 30093
    Tel: 678–395-7795
    Cell: 678-960-9030
    Fax: 866-929-2434
    shireen@norcrosslawfirm.com
    LR 83.1 Plaintiff's Counsel

By: /s/ Taylor Kosla_____
    Taylor Kosla
    Agruss Law Firm, LLC
    IL Bar No. 6327180
    4809 N. Ravenswood Ave
    Suite 419
    Chicago, IL 60640
    Telephone: 312-224-4695
    Fax: 312-253-4451
    taylor@agrusslawfirm.com